## Case No. 5,322.

The GENERAL WILLIAM McCANDLESS.

[10 Ben. 453.] [1]

(District Court, E. D. New York.   May, 1879.)

### TUG AND TOW—NEGLIGENCE.

A tug and tow was lying at the long dock at Piermont on the Hudson river. There was a large cake of ice in the river below, which had been blown over to the east shore, leaving a clear passage for the tug and tow along the west shore. The tug thereupon started from the dock. While she was passing the ice, a corner of it caught on the east shore so that when the ebb tide made, the cake of ice was turned in the river so as to close in on the tug and tow, and force her ashore before it was possible to escape. Libels being filed by each boat of the tow against the tug, for damages occasioned: *Held*, that the master of the tug was not negligent in starting from the dock, and that the tug was not liable for the damage to the tow.

In admiralty.

T. C. Campbell, for libellants.
A. S. Diossy, for claimants.

BENEDICT, District Judge. The decision of these cases turns upon the question whether it was negligence on the part of the tug-boat to start out from the long dock at Piermont when she did in view of the then condition of the ice in the river. Upon this question my opinion is that the master of the tug was not guilty of negligence in this respect. When the tug started from the dock the wind had blown the cake of ice over to the eastern shore of the river and left a clear passage down along the west side abundant for the passage of the tow in safety. The tug would have passed down without accident had it not been for the fact, that after she started from the dock and when passing the ice to westward, a corner of the ice caught over on the east shore, so that when the ebb tide made, the mass of ice was turned in the river in such a manner as to close in upon the tug and force her ashore before it was possible to escape it. I am unable to say that any one would have reason to expect such a movement on the part of the ice against the wind, or to anticipate that the ice would catch as it did over on the east shore. The case differs in this respect from the case of The U. S. Grant [Case No. 16,804], where it was held to be negligence on the part of a tug to attempt to pass through Hell Gate at the same time with a mass of ice. In that case the danger was obvious when the tug passed Astoria,.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

where she could have waited until the ice had passed the Gate. Here, when the tug left the dock there was no reason to apprehend danger from the ice. and when the ice did turn it was impossible to escape being pushed on the flats.

As to the small damage sustained by one of the boats in starting from New York. it is sufficient to say that the evidence does not satisfy me that it was caused by neglect on the part of the tug.

The libels must be dismissed, with costs.